*fax (716)551-1705*

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

_Western_ District of _New York_

_Buffalo_ Division

|  |  |  |
|---|---|---|
| | ) | Case No. **23 CV 0224-V** |
| _Stacey Pynn_ | ) | |
| _Plaintiff(s)_ | ) | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| | ) | |
| _Rupp Baase Pfalzgraf + Cunningham, LLC_ | ) | |
| _Defendant(s)_ | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

UNITED STATES DISTRICT COURT
FILED
MAR 1 4 2023
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## COMPLAINT AND REQUEST FOR INJUNCTION

**I.     The Parties to This Complaint**

**A.     The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | _Stacey Pynn_ |
| Street Address | _7217 Woodmore Court_ |
| City and County | _Lockport    Niagara County_ |
| State and Zip Code | _New York   14094_ |
| Telephone Number | _(716) 430-1456_ |
| E-mail Address | _safetypynn @ gmail.com_ |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name     *Rupp Baase Phalzgraf + Cunningham, LLC*

    Job or Title *(if known)*     *law firm*

    Street Address     *1600 Liberty Building*

    City and County     *Buffalo, Erie County*

    State and Zip Code     *New York 14202*

    Telephone Number     *(716) 854-3400*

    E-mail Address *(if known)*     *sasiadek@ruppbaase.com*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal question                 ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*Violation automatic stay in Chap 13 bankruptcy w/ estate vested in Trustee 11 USCA Section 362(b)(2)(A); conflict of interest state court forum / 11 USC Section 362(a)(3)) Violation Right to Fair Trial; fraudulent concealment/violation of Federal Bankruptcy Laws to disclose fees / intent to represent*

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

*Violation 11 USC Section 329 fraudulent concealment / failure to file Fed. R. Bankr. P. 2016 and MLBR 2016-1; State court maintaining case w/ lack of subject matter jurisdiction??*

1.     The Plaintiff(s)

   a.     If the plaintiff is an individual

   The plaintiff, *(name)* Stacey Pynn , is a citizen of the State of *(name)* New York .

   b.     If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

   a.     If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

    b.    If the defendant is a corporation

The defendant, *(name)* Rupp Baase Pfalzgraf & Cunningham, LLC, is incorporated under the laws of the State of *(name)* New York, and has its principal place of business in the State of *(name)* New York.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Rupp Baase Pfalzgraff Cunningham fraudulently obtained/ collected $54,895.93 in atty fees that were not approved fees by Chapt 13 Debtor's Trustee; they are billing for an additional $20,746.93 in unapproved fees and are liable for Sanctions for contempt of Federal Laws in violation of the Automatic Stay since post-petition earnings are vested in the Trustee not the Debtor.

**III.**    **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.    Where did the events giving rise to your claim(s) occur?

The events that give rise to these claims occurred and are occurring in Erie County, New York.

    B.    What date and approximate time did the events giving rise to your claim(s) occur?

Upon the filing of a Summons and Complaint in NYS Supreme Court, Erie County on February 5, 2020 and upon attempts to collect unauthorized debts throughout the case 801802/2020.

C.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

Plaintiff is a Chapter 13 Debtor and pursuant to the Confirmation Order from September 2018, Property is vested in the Trustee (pg 4 line 12) which means wages post-petition are protected.

Rupp Baase Pfalzgraf & Cunningham has committed attorney misconduct and is in contempt of the automatic stay for attempting to collect unauthorized costs of litigation.

Rupp Baase is attempting to sue me in state court to thwart/conceal from federal courts their unlawful billing practices. The State Court lacks jurisdiction & is also now in violation of the automatic stay.

**IV.    Irreparable Injury**

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Any monies attempted to collect by Rupp Baase / state courts are in violation of Federal Laws of chap 13 Bankruptcy and prejudice my ability to pay my creditors.

**V.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Disgorgement of Attorney fees collected that are in violation of 11 USC Section 329 and the Automatic Stay 11 USC Section 362 (a)(3) = $54,895.93 of fees already collected + additional $20,746.93 attempting to collect + $10,000.00 in Sanctions to Rupp Baase Pfalzgraf & Cunningham, LLC and the State Court, County of Erie for violation of the Automatic Stay 11 USC Section 362 (a)(3).

**VI.     Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.     For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     March 13, 2023

Signature of Plaintiff

Printed Name of Plaintiff     Stacey Rynn

**B.     For Attorneys**

Date of signing:     _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Street Address     _____

State and Zip Code     _____

Telephone Number     _____

E-mail Address     _____

Print     Save As...     Add Attachment     Reset

STATE OF NEW YORK, COUNTY OF ERIE

IN THE SUPREME COURT FOR THE 8th JUDICIAL DISTRICT

| | |
|---|---|
| Rupp Baase Pfalzgraff Cunningham LLC, Plaintiff<br><br>-v-<br><br>Stacey Pynn, Defendant. | Case No.  801802/2020<br><br>Hon. Deborah Chimes |

## MOTION TO VACATE JUDGMENT OF NOVEMBER 17, 2021, AND FOR PRELIMINARY INJUNCTIVE RELIEF FROM COLLECTION THAT IS IN VIOLATION OF AUTOMATIC STAY AND OTHER FEDERAL LAWS.

Now comes Stacey Pynn ("Mother Stacey"), a Chapter 13 Bankruptcy Debtor B-17-11069K and herewith files her Motion to Vacate the Judgment Order entered on or around November 17, 2021, where she was ordered to pay matrimonial attorney fees (despite the protected status pursuant to 11 USC §362(a)(3) and the estate being vested in the property of the Trustee) in the amount of $20,746.93 in addition to the approximately $54,895.93 in unapproved attorney fees already collected, (pursuant to 11 USC §329 and not disclosed by the attorneys to the Trustee in accordance to the law), for a year and a half of matrimonial / custody litigation against her ex-spouse who is deemed perpetrator of child abuse / maltreatment upon several substantiations against Mother Stacey's children.  Prior to acceptance of Mother Stacey as a client of Rupp Baase Pfalzgraff LLC, the law firm was dutifully made aware that Mother Stacey was in Chapter 13 Bankruptcy.  In lieu of Rupp Baase Pfalzgraff's responsibilities as attorneys

representing a Chapter 13 Debtor and the specialized requirements therein, they failed to file

Fed. R. Bankr. P. 2016 MLBR 2016-1, and fraudulently concealed from the Chapter 13 Trustee

their intention to represent Mother Stacey, failed to provide the Trustee with a copies of their

retainer agreements (if any in existence), and failed to disclose fees collected from Mother

Stacey, (See 11 USC §329 re:  obligations of any attorney representing a Chapter 13 Debtor

which is inclusive of matrimonial attorneys, *See* in re: Gorski, 519 B.R. 67).

Mother Stacey now respectfully moves the Honorable State Court to Vacate the

November 17, 2021 Judgment based on Lack of Subject Matter Jurisdiction, fraudulent

concealment of attorney fees from the Chapter 13 Trustee's oversight, statute of frauds failing to

have a contract for dual attorney services performed over a year and in excess of $500, attorney

negligence.  Should the State Courts continue to enforce this Judgment on fees collected and

being collected, the State will be complicit in violation of Federal Laws and in contempt of the

Automatic Stay pursuant to 11 USC §362(a)(3) and the Chapter 13 Debtors Confirmation Order

that on page 4 line 12 vests the property of the estate to the Trustee.  This means the Debtors

wages are protected and afforded the maximum protection against garnishment, (*See* In re:  Wei-

Fung Cheng Bankr. PA [2010] pages 12-13 By vesting the property in the Trustee as opposed to

the Debtor, "the debtor has the maximum post-confirmation protection possible by expanding the

definition of "property of the estate").

Mother Stacey now seeks sanctions in the amount of 54,895.93 for disgorgement of Rupp

Baase's non-permitted collection of attorney fees collected procured by fraudulent concealment

from the Chapter 13 Trustee, vacatur of the Judgment in the amount of $20,746.93 for

uncollected, unauthorized attorney fees, and an additional $10,000.00 against the law firm Rupp

Baase Pfalzgraff, LLC as they had an instant obligation to vacate the Judgement upon

information and belief there was a violation of the Automatic Stay 11 USC §362(a)(3) "any act

to create, perfect, or enforce against property of the Debtor and lien to the extent that such lien

secures a claim that arose before the commencement of the case under this title."

Despite Mother Stacey's sworn statements in her Affidavit in Support of her Motion to

Vacate Judgment and Dismiss the State Court action 801802/2020 filed February 7, 2023 that the

Plaintiff was in violation of the Automatic Stay, that were not countered timely by the Plaintiff,

the state court knew or should have known that Plaintiff violated the Plaintiff's Chapter 13

Automatic Stay. The US Supreme Courts have held undisputed sworn statements must be

equated with fraud and statements of Mother Stacey must therefore be accepted as fact, (*See*

Morris vs NCR, 44 SW2d 433"An Affidavit if not contested in a timely manner is considered

undisputed facts as a matter of law", *See* Group v Fineletter, 108 F. Supp. 327, "Allegations in an

Affidavit in Support of a Motion must be considered as true in absence of a timely counter-

affidavit".

On March 3, 2023, the State Court sent a letter to the parties asking once again the

parties' contention on the Automatic Stay11 USC §362(b)(2)(a) and the commencement of civil

litigation.  Mother Stacey objected to the state court's further inquiry as these issues were already

litigated and the Plaintiff failed to timely counter Mother Stacey's sworn statements both in their

affirmation in opposition filed February 22, 2023, and in the in person hearing on the matters

held February 27, 2023, before the Hon. Deborah Chimes.  Mother Stacey reminded the state

court of the laws and conditions of her Chapter 13 Confirmation order that the property is vested

in the Trustee not the Debtor rendering the Debtor's post-petition wages protected by the

Automatic Stay and any attempt to collect (ie the subpoena for my bank account information

filed October 4, 2022 and Motion to Compel filed October 13, 2022, the threats of contempt and

to collect "aggressively") is a violation, (*See* line 12 page 4 of Confirmation Order attached to March 5, 2023 Letter to Court). Despite the laws clearly supporting Mother Stacey's objection, the court overruled her objection and requested responses from the parties due by March 20, 2023.

Mother Stacey contends that the State Courts are not Legislators and cannot violate State or Federal Laws. The Law is the November 17, 2021 Judgment was procured by fraudulent concealment of fees collected despite 11 USC §329 and attempts to collect even post-petition debt from a Chapter 13 Debtors who's estate is vested in the Trustee is in violation of the Automatic Stay as it prejudices Debtor's ability to pay the creditors and wages earned post-petition are protected property of the Trustee. The Law is the undisputed statements of Mother Stacey in her Affidavit in Support about the violation of the automatic stay must be equated with fraud and her statements accepted by the court as fact. The Law is, given these laws broken, is that the Judgement must be vacated and the attorneys must disgorge all fees collected and billed for.

A knowing and willful violation of the automatic stay is a contempt of Federal Court and requires the disgorgement of unethical, unauthorized attorney fees collected and billed for. The failure to instantly take measures to vacate the Judgement and stop any acts to collect in violation of the Automatic Stay is contumacious conduct of the State Courts, and Rupp Baase Pfalzgraff LLC, of Federal Laws and liable for sanctions. In the alternate, the state court can instantly within three (3) days of receipt of this Motion absolve their contempt by vacating the Judgment, Dismiss the case of 801802/2020, disgorge all unauthorized attorney fees collected and billed (*See* 11 USC §329 "any attorney representing a Chapter 13 Debtor"), strike any response to the Court's letter dated March 3, 2023 from the Plaintiff on applicability of the Automatic Stay, and

sanction Rupp Baase Pfalzgraff $10,000 for contumacious conduct in violation of the Automatic

Stay due to their attempts to collect protected money of the estate of the Trustee.


### MOTION FOR INJUNCTIVE RELIEF FROM STATE COURTS DUE TO LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO UPHOLD STATE AND FEDERAL LAWS, AND VIOLATION OF STATE AND FEDERAL RULES OF CONFLICT OF INTEREST.

State Courts and the County have a financial interest in Judgements being entered.  NYS

Public Officers Law §74 states that a financially interested state officer must not decide on

matters as this establishes conflict-of-interest (See Public Officers Law §73(1)(ii) For example,

CPLR §§ 8012(b)(1) the Erie County Sheriff is entitled to poundage fees on income executions

of 5%.  These are financial considerations that incentivize the state courts to create and enforce

judgments and is by definition a conflict-of-interest.  Since the state courts do not have

jurisdiction on a Federal matter regarding the permission of attorneys representing Chapter 13

Debtors to collect attorney fees absent permission from the Trustee and any attempts to collect

are in contempt of Federal Laws on the Automatic Stay.  As such, Mother Stacey respectfully

seeks an Injunctive Relief given the state courts failures to uphold the law on Plaintiff's violation

of the Automatic Stay, the creation of a Judgment on unauthorized attorney fees (pursuant to 11

USC §329) and due to conflict-of-interest that financially incentivizes state courts to enter and

enforce Judgments.


A. STATEMENT OF FACTS

1. Mother Stacey is a mom to four vulnerable children deemed abused / maltreated by
their father who is Mother Stacey's ex-spouse.

2. In or around November of 2017, Mother Stacey sought legal representation from Rupp Baase Pflazgraff LLC to protect herself and her children from abuse by the father of the parties' children and her then estranged spouse.  Prior to signing any retainer agreement, Mother Stacey disclosed her status as a Chapter 13 Debtor.

3. In September 2018, a Confirmation Order was issued for Mother Stacey's Chapter 13 Bankruptcy that was filed in or around May 2017.  Line 12 page 4 of the Confirmation Order states that the Property of the Estate is vested in the Trustee, as opposed to the Debtor (**Exhibit A**).

4. At no time did Rupp Baase Pfalzgraff file Fed. R. Bankr. P. 2016 to disclose their intention to represent Mother Stacey nor did they disclose fees collected from Mother Stacey, a Chapter 13 Debtor despite 11 USC §329 nor does Rupp Baase Pfalzgraff deny they failed to file these lawfully required documents.

5. Rupp Baase Pfalzgraff collected approximately $55,000.00 of unauthorized attorney fees (See USC 11 §329) from Mother Stacey for their 1.5 years of representation, which seems to be excessive to Mother Stacey Pynn since opposing counsels bills were approximately $45,000 for six (6) years of litigation in the same case.

6. Rupp Baase Pfalzgraff LLC participated in dual attorney representation for over a year of Mother Stacey and failed to have a contract for this dual attorney representation as required by the statute of frauds and attorney ethics.

7. Rupp Baase Pflazgraff LLC appears to have delayed litigation during their course of representing Mother Stacey to procure more billing.

8. In May 2019 Rupp Baase Pfalzgraff filed to withdraw as counsel from Mother Stacey's matrimonial / custody litigation on the eve of trial.

9. On February 6, 2020, Rupp Baase Pfalzgraff sued Mother Stacey for approximately $20,746.93 in fees billed. At this time, Mother Stacey already paid Rupp Baase Pfalzgraff approximately $54,895.93 towards fees never approved by the Trustee, (**Exhibit A**).

10. On November 17, 2021 a Judgement was entered against Mother Stacey in the amount of $20,746.93m (**Exhibit B**).

11. On October 4, 2022 and again on January 31, 2023 Mother Stacey was served with a subpoena and Rupp Baase Pfalzgraf and Cunningham, LLC initiated attempts to collect on the Judgment and threatened Mother Stacey with contempt of court despite their knowledge that Mother Stacey is a Chapter 13 Debtor with the property vested in the Trustee, therefore it is known to Rupp Baase Pfalzgraf and Cunningham, LLC or they should know since their large firm is comprised of among other specialties, bankruptcy attorneys, the answer to all subpoena questions is all property, even post-petition wages are vested in the Chapter 13 Trustee, (**Exhibit C**).

12. On February 6, 2023 Mother Stacey filed a Motion to Vacate Judgement based on Lack of Subject Matter Jurisdiction, fraudulent concealment of attorney fees billed and collected from Chapter 13 Trustee and violation of Automatic Stay. Mother Stacey contended these failures and violations were knowing and deliberate since Rupp Baase Pfalzgraff is a large firm comprised of attorneys in many facets of law including bankruptcy attorneys, (**Exhibit D**).

13. On February 22, 2023 the Plaintiff filed an Affirmation in Opposition but remained silent on the issue of the Automatic Stay except in stating that the fees collected were post-petition (**Exhibit E**).

14. On February 27, 2023 the issues of the Judgment and Mother Stacey's Motion to Vacate Judgment and Dismiss were heard in an in-person hearing before the Hon. Deborah Chimes. At no time did Rupp Baase Pfalzgraff rebut Mother Stacey's sworn statements in her Affidavit and in court about the applicability of the Automatic Stay.

15. On March 3, 2023 Mother Stacey received a letter from the court seeking a response from the parties on the applicability of the Automatic Stay, (**Exhibit F**).

16. On March 5, 2023 Mother Stacey objected to the courts inquiry since as a matter of law, Rupp Baase Pfalzgraff admitted to the violation of the Automatic Stay by their failure to timely rebut Mother Stacey's sworn statements both in her Affidavit and during the in-person court hearing on February 27, 2023, (**Exhibit G**).

17. On March 6, 2023, the court overruled on Mother Stacey's objection despite clear and convincing laws in Mother Stacey's favor, and thus the state court is in violation of the law to permit any further response from Rupp Baase Pfalzgraff as any response at this point is no longer timely, (**Exhibit H**).

18. Since at least February 6, 2023, both the state court and Rupp Baase Pfalzgraff have known about the violation of the Automatic Stay which is in contempt of court due to Federal Laws and both have failed to instantly vacate the Judgement and cease from any attempts to collect.

B. LEGAL ARGUMENT

19. **Lack of Subject Matter Jurisdiction permits the Vacatur of the Judgment ordered November 17, 2022** – the state court does not have jurisdiction to approve

attorney fees absent prior approval from the Chapter 13 Trustee.  No prior approval

exists in violation of 11 USC §329 re:  obligations of any attorney representing a

Chapter 13 Debtor which is inclusive of matrimonial attorneys, *See* in re: Gorski, 519

B.R. 67).  Any attempts to collect and enforce the Judgment ordered on November 17,

2021 is in violation of the Automatic Stay and contempt of Federal Courts.  The state

courts must follow the law.  The state courts have a financial conflict of interest that

financially incentivizes the state courts to create and enforce judgments.  As such,

Mother Stacey respectfully requests Injunctive Relief to ensure the state courts follow

applicable Federal and Constitutional Laws and afford a fair courtroom.

20. **Fraudulent Concealment permits for the Vacatur of the Judgment ordered**

**November 17, 2021.**  Mother Stacey contends that since Rupp Baase is a very large

firm of multiple specialties including bankruptcy attorneys, the failure to inform the

Chapter 13 Trustee of fees collected and the filing in of their lawsuit in Supreme

Court instead of filing form Fed. R. Bankr. P. 2016 is intentional fraudulent

concealment knowing a Trustee would not consent to the billing practices of Rupp

Baase Pfalzgraff that included excessive fees relative to the fees charged by counsel

for the opposition in the same matter, delays of litigation, and dual attorney

representation absent a contract outlining specifically the assignment of duties and

division of billing, (*See* Statute of Frauds services not performed within a year).

Given the unethical conduct of Rupp Baase Pfalzgraf and Cunningham, LLC to

knowingly evade the Trustee's oversight and scrutiny of their billing practices and

filed to collect fees in the New York State Supreme Court, County of Erie as opposed

to seeking permission from the Chapter 13 Trustee, their attorney fees collected and

billed for must be disgorged, "When an attorney so ineptly or incompetently renders services on behalf of Debtors, the court may order disgorgement of all fees pursuant to 11 USC §329", (*See* e.g. Hale v U.S. Trustee, 509 F 3d, 1139, 1147 (9th Cir. 2007), (*See* In re Valladares, 415 B.R. 617, 622 (Bankr. S.D. Fla2009) "Courts may order disgorgement, deny compensation, or impose other sanctions for failure to properly disclose fees".

21. **Violation of the Automatic Stay** requires the state court and Rupp Baase Pfalzgraff to immediately vacate the Judgment and take any and all steps to absolve their contempt of Federal Court rules, which they have failed to do and are liable for sanctions, as such, Mother Stacey is seeking Injunctive Relief to ensure the state court follows applicable Federal Laws.

**WHEREFORE**, Stacey Pynn respectfully requests that this court provides Injunctive Relief and oversees the New York State Supreme Court, County of Erie (Judge Deborah Chimes) case 801802/2020 to ensure applicable Federal and Constitutional Laws are followed.

RESPECTFULLY SUBMITTED,

Stacey Pynn *pro se*
Defendant

Prepared by Stacey Pynn
7217 Woodmore Court
Lockport, New York 14094
(716) 430-1456
Safetypynn@gmail.com

CERTIFICATE OF SERVICE:
I hereby certify that a copy of the foregoing pleading was emailed to opposing counsel
Christopher Sasiadek, Esq. on this March 13, 2023, to the address shown below

1600 Liberty Building
Buffalo, New York 14202
sasiadeksasiadek@rupppfalzgraf.com

Sworn to before me this 14th day of March 2023

_____                    _____
Stacey Pynn                                   Notary:

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT    :    COUNTY OF ERIE

———————————————————

RUPP BAASE PFALZGRAF CUNNINGHAM LLC,
1600 Liberty Building
Buffalo, New York  14202

                        Plaintiff,

    vs.                                                Index No.:

STACEY PYNN,
7217 Woodmore Court
Lockport, New York  14094

                        Defendant.

———————————————————

## **SUMMONS**

**TO DEFENDANTS:**

        **YOU ARE SUMMONED** to appear in this action by serving your answer to the verified complaint on plaintiff's attorney within the time limits stated below.

        Erie County is designated as the county where this action will be tried, because one or more of the parties to this action has a principal place of business in that county and the actions giving rise to this dispute occurred within Erie County.

        **TIME LIMITS TO ANSWER:**

    (1)    If this summons <u>is served by delivery to you personally</u> within New York State, you must answer the complaint within TWENTY (20) days after such delivery.

    (2)    If this summons <u>is not served by delivery to you personally</u> within New York State, and not served pursuant to CPLR 312-a, you must answer the complaint within THIRTY (30) days after service is complete.

    (3)    If this summons is served pursuant to CPLR 312-a, see accompanying STATEMENT OF SERVICE BY MAIL for time limits to answer.

**IF YOU FAIL TO ANSWER THE COMPLAINT** within the time stated, judgment will be entered against you for the relief demanded in the complaint.

Dated:   February 5, 2020
           Buffalo, New York

                **RUPP BAASE PFALZGRAF CUNNINGHAM** LLC

                By: _____

                    Marco Cercone, Esq.
                    Attorney for the Plaintiff
                    1600 Liberty Building
                    Buffalo, New York  14202-3694
                    (716) 854-3400

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE
_____

RUPP BAASE PFALZGRAF CUNNINGHAM LLC,

                                    Plaintiff,

          vs.                                                      Index No.:

STACEY PYNN,

                                    Defendant.
_____

## <u>VERIFIED COMPLAINT</u>

Plaintiff, Rupp Baase Pfalzgraf Cunningham LLC ("Rupp Baase"), as and for its

verified complaint against defendant, Stacey Pynn, alleges as follows:

1.     At all times hereinafter mentioned, plaintiff, Rupp Baase, was and is a

domestic limited liability company organized and existing under the laws of the

State of New York, with a principal place of business located at 1600 Liberty Building, Buffalo,

New York 14202.

2.     Upon information and belief, at all times hereinafter mentioned,

defendant, Stacey Pynn, was and is a natural born person and resident of the State of New York,

County of Niagara, with a principal place of residence located at 7217 Woodmore Court,

Lockport, New York  14094.

3.    On or about September 27, 2017, defendant executed a certain engagement agreement with Rupp Baase ("Engagement Agreement") so that Rupp Baase would perform legal services on defendant's behalf.

4.    Pursuant to the Engagement Agreement, the defendant agreed to pay Rupp Baase for legal services at an hourly rate set forth in the Engagement Agreement.

5.    In exchange, between September 27, 2017 and June 3, 2019, Rupp Baase provided legal services to the defendant in relation to defendant's family law matter.

6.    Rupp Baase provided legal services to the defendant between September 27, 2017 and June 3, 2019 for which it has not been paid by the defendant.

7.    In accordance with the terms and conditions of the Engagement Agreement, the total amount due and owing to Rupp Baase for the legal services provided to the defendant is $20,045.93.

8.    Rupp Baase requested payment from the defendant by sending invoices for same to the defendant on or about July 25, 2018, August 20, 2018, September 30, 2018, November 29, 2018, December 27, 2018, January 31, 2019, February 27, 2019, March 31, 2019, April 30, 2019, May 22, 2019, June 26, 2019, and July 26, 2019.

9.      Nevertheless, the defendant failed and/or refused to make full payment to Rupp Baase for the total amount due and owing.  Consequently, on December 19, 2019, by certified mail, return receipt requested, Rupp Baase made a final demand to the defendant for payment in the amount of $20,045.93 for legal services rendered between June 6, 2018 and June 3, 2019.  That letter also enclosed a notice of the defendant's rights to request fee arbitration, a copy of the request form, a copy of the arbitration rules, and a copy of 22 NYCRR 137.  That December 19, 2019 letter was delivered to the defendant at his residence located at 7217 Woodmore Court, Lockport, New York  14094 by regular and certified mail.  The letter also was sent my electronic mail to the defendant as well.

10.     Despite that demand, the defendant has failed and/or refused to make full payment to Rupp Baase.  The defendant also has failed to contact Rupp Baase in any manner, and she has failed to demand fee arbitration through the Erie County Bar Association.  Therefore, Rupp Baase has been forced to bring this action to recover the amount due and owing to it from the defendant.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

11.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 of this verified complaint.

12.     Defendant has breached the terms of the Engagement Agreement by, among other things, failing and/or refusing to make payments in accordance with its terms.

13.     There is now due and owing the amount of $20,045.93 from defendant to Rupp Baase with respect to the legal services provided to defendants by Rupp Baase through June 3, 2019.

14.     By reason of defendant's breach of the Engagement Agreement, Rupp Baase has been damaged in the total amount of $20,045.93, plus interest, costs, and disbursements.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

15.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 14 of this verified complaint.

16.     By reason of the acts of defendant, as aforesaid, and without any wrongdoing on the part of Rupp Baase, defendant has been unjustly enriched to Rupp Baase's detriment.

17.     By reason of the foregoing, defendant has been unjustly enriched in the total amount of $20,045.93, plus interest, costs, and disbursements.

**WHEREFORE**, plaintiff demands judgment as follows:

(1)    On its first cause of action for breach of contract, judgment against defendant in the total amount of $20,045.93, plus accrued interest, costs, and disbursements;

(2)    On its second cause of action for unjust enrichment, judgment against defendant in the amount of $20,045.93 , together with accrued interest thereon; and

(3)    The costs and disbursements of this action, together with any other or further relief as the Court may deem just and proper.

Dated:    February 5, 2020
           Buffalo, New York

               **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**

               By:  _____
                     Marco Cercone, Esq.
                     Attorney for the Plaintiff
                     1600 Liberty Building
                     Buffalo, New York  14202-3694
                     (716) 854-3400

## VERIFICATION

STATE OF NEW YORK    )
                          : ss.:
COUNTY OF ERIE       )

        Marco Cercone, Esq. being duly sworn, deposes and says that he is a Partner in the law firm of Rupp Baase Pfalzgraf Cunningham LLC, the limited liability company named as plaintiff in the within entitled action; that he has read the foregoing Verified Complaint and knows the contents thereof; and that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters he believes them to be true.

        Deponent further states that the reason this verification is made by deponent and not by plaintiff, Rupp Baase Pfalzgraf Cunningham LLC, is because Rupp Baase Pfalzgraf Cunningham LLC, is a limited liability company and the grounds of deponent's belief as to all matters in the Verified Complaint not stated upon his own knowledge, are investigations which deponent has caused to be made concerning the subject matter of this Verified Complaint and information acquired by deponent in the course of his duties as a Partner in said law firm, and from the books and papers of said law firm.

                                   Marco Cercone

Sworn to before me this
5th day of February, 2020.

Notary Public

JODI L. FOLEY-JOHNSTON
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Nov. 22, 20___

# EXHIBIT B

RECEIVED NYSCEF: 11/17/2021

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF ERIE

RUPP BAASE PFALZGRAF CUNNINGHAM LLC,

                              Plaintiff,

         vs.                                                    Index No.: 801802/2020

STACEY PYNN,

                              Defendant.
_____

### STATEMENT FOR JUDGMENT PURSUANT TO ORDER
### GRANTED BY HON. MARK A. MONTOUR, J.S.C. ON NOVEMBER 5, 2021

| | |
|---|---|
| AMOUNT CLAIMED IN ORDER | $ 20,045.93 |
| COSTS BY STATUTE | $ 200.00 |
| FEE FOR INDEX/DOCKET NUMBER | $ 210.00 |
| SERVICE, SUMMONS AND COMPLAINT | $  50.00 |
| TRANSCRIPTS AND DOCKETING | $  15.00 |
| FEES ON EXECUTION | $  86.00 |
| RJI | $  95.00 |
| SUMMARY JUDGMENT MOTION FEE | $  45.00 |
| TOTAL COSTS | $   701.00 |
| JUDGMENT AMOUNT | $ 20,746.93 |

The undersigned, a partner with Rupp Baase Pfalzgraf Cunningham LLC, attorneys of record for plaintiff herein, states, under the penalties of perjury, (1) that this application is based on an order granted on November 5, 2021 by the Hon. Mark A. Montour, J.S.C., (2) the disbursements above specified are correct and true and have been or will necessarily be incurred herein and are reasonable in amount, (3) that the defendant(s) was served in the manner prescribed by law, and (4) if the balance stated above is less than the amount claimed in the complaint, the said balance represents the proper balance owing after all payments or other credits subsequent to preparation of the complaint. If judgment is sought against less than all defendants, plaintiff applies for an order of the Clerk under CPLR 3215(a) severing the action as to defendants not included in the judgment. Defaulting defendant(s), if less than all defendants, is:

Dated:  Buffalo, New York
        November 15, 2021

                                RUPP BAASE PFALZGRAF CUNNINGHAM LLC
                                Attorneys for Plaintiff

                                By: _____
                                        Marco Cercone, Esq.
                                1600 Liberty Building
                                Buffalo, New York 14202-3694
                                (716) 854-3400

ORDER OF THE CLERK PURSUANT TO C.P.L.R. 3215(a) :

        Judgment having been applied for against less than all of the defendants in the action and the action continuing against the following named defendants, it is hereby ORDERED that this action be severed as against the following named defendant(s):  N/A

DATED: _____, 2021  By: _____
                                                CLERK

-2-

JUDGMENT ENTERED: _____, 2021. The Summons and Complaint in this action having been personally served on each defendant against whom judgment is entered hereby in the manner prescribed by law, and the time of each said defendant to appear or answer having expired (unless and to the extent that judgment is granted herein pursuant to court order specified below), and the said defendant(s) not having appeared or answered herein (or judgment being awarded pursuant to said court order). NOW, THEREFORE, ON MOTION OF Rupp Baase Pfalzgraf Cunningham LLC, attorneys for plaintiff, and authorized by Order of this Court, Hon. Mark A. Montour, J.S.C. presiding, granted November 5, 2021, it is

ADJUDGED, that Plaintiff, Rupp Baase Pfalzgraf Cunningham LLC, 424 Main Street, Suite 1600, Buffalo, New York 14202 does recover of

| NAMES(S) AND ADDRESS(ES) OF DEFENDANT(S)-JUDGMENT DEBTOR(S) | AMOUNT(S) OF JUDGMENT | |
|---|---|---|
| 1. STACEY PYNN<br>7217 Woodmore Court<br>Lockport, New York 14094 | CLAIM AND INTEREST | $ 20,045.93 |
| | COSTS, DISBURSEMENTS | $ 701.00 |
| | TOTAL JUDGMENT | $ 20,746.93 |

and, as to each defendant, that plaintiff has execution therefor.

Judgment Signed and Filed 11/17/2021

*Michael P. Kearns* CLERK

**Michael P. Kearns County Clerk**

EXHIBIT C

STATE OF NEW YORK
SUPREME COURT    :    COUNTY OF ERIE

RUPP BAASE PFALZGRAF CUNNINGHAM LLC,

Plaintiff,

vs.

STACEY PYNN,

Defendant.

Index No.:  801802/2020

_____

## ATTORNEY AFFIDAVIT

STATE OF NEW YORK    )
                               )    ss:
COUNTY OF ERIE    )

        **MARCO CERCONE, ESQ.**, being duly sworn deposes and says:

        1.      I am an attorney duly licensed to practice law in the State of New York and I am a Partner in the law firm of Rupp Baase Pfalzgraf Cunningham LLC ("plaintiff").  I make this affidavit on examination of plaintiff's books and records and personal conversations with representatives of plaintiff.  I am fully familiar with the facts and circumstances set forth herein.

        2.      I submit this affidavit in support of plaintiff's motion for an order, pursuant to CPLR § 2308(b), compelling defendant Stacey Pynn, to fully respond to the subpoena and subpoena duces tecum served upon her on July 26, 2022.  For the reasons discussed below, plaintiff's motion should be granted.

- 3 -

# PROCEDURAL HISTORY

3.      This is a breach of contract action arising out of unpaid legal fees contracted by defendant to plaintiff.

4.      On or about November 17, 2021, plaintiff entered a statement for judgment in the Erie Clerk's office against defendant Stacey Pynn in the amount of $20, 746.93(the "Judgment").  A copy of the Judgment is attached as Exhibit A.

# FACTUAL BACKGROUND

5.      On July 18, 2022, deponent's office prepared and served a subpoena and subpoena duces tecum, pursuant to CPLR §2303 upon Pynn.  A copy of the subpoena and subpoena duces tecum is attached as Exhibit B.

6.      The subpoena requested that Pynn appear at deponent's office on October 4, 2022 at 10:00 a.m., or any adjourned date, to give testimony necessary to the prosecution of this action.  The subpoena duces tecum requested that Pynn produce the following documents and information:

All personal books, papers and records in your control or possession which have or may contain information concerning you and all property, income, or other means relevant to the satisfaction of the judgment described above, which you have now or heretofore owned, received, or disposed of, including, but not limited to, all information regarding all personal property, bank checking and savings statements, investment statements, utility bills, credit card bills, motor vehicle titles, insurance certificates, bills of sale, liens, judgments, deeds, personal loan payments, personal tax returns for the years 2021 through present and current paystubs, and all evidence of ownership of personal or business assets.

7.     Pynn received the subpoena and subpoena duces tecum, but did not appear

for her deposition or submit any of the requested documents or information.  A copy of

the affidavit of service of the subpoena and subpoena duces tecum upon Pynn is attached

as Exhibit C.

## ARGUMENT

### PLAINTIFF'S MOTION TO COMPEL PYNN TO RESPOND TO PLAINTIFF'S SUBPOENA AND SUBPOENA DUCES TECUM SHOULD BE GRANTED.

8.     As set forth above, Pynn has failed to respond to plaintiff's subpoena and

subpoena duces tecum in this matter.

9.     Pursuant to CPLR § 5523, plaintiff is entitled to a response to its subpoena

and subpoena duces tecum.  Further, the testimony, documents, and information

requested by plaintiff is relevant and necessary for plaintiff to enforce its Judgment.

10.     The testimony, documents, and information sought by plaintiff pertains

directly to its attempts to recover the amount that it is owed by defendant as set forth in

the Judgment.  Information regarding Pynn's assets is critical to plaintiff's ability to

proceed with any and all enforcement devices provided by law.

- 5 -

11.    CPLR § 2308(b) provides that "if a person fails to comply with a subpoena which is not returnable in court, the issuer . . . may move in the supreme court to compel compliance.  If the court finds that the subpoena was authorized, it shall order compliance and may impose costs not exceeding fifty dollars."  CPLR § 2308(b).

12.    Accordingly, Pynn should be compelled to appear for a deposition and to provide complete responses to plaintiff's subpoena duces tecum in order to assist plaintiff in its collection efforts which are reasonably believed to be necessary to collect its Judgment.

13.    Plaintiff respectfully requests an order compelling Pynn to appear for a deposition and to comply with the subpoena duces tecum and provide responses within thirty (30) days from the date of service of notice of entry of an order of this Court.

**WHEREFORE**, plaintiff Rupp Baase Pfalzgraf Cunningham LLC, respectfully requests an order, pursuant to CPLR 2308(b), compelling compliance with subpoena and subpoena duces tecum served upon defendant Stacey Pynn together with such other and further relief that this Court deems just and proper.

Marco Cercone

Sworn to before me this
11th day of October, 2022.

Notary Public

SHEILA A GREENLIEF
Notary Public, State of New York
No. 01GR6353951
Qualified in Niagara County
Commission Expires February 06, 2025

- 6 -

# EXHIBIT D

~~STATE OF NEW YORK~~

SUPREME COURT  :  COUNTY OF ERIE

RUPP BAASE PFALZGRAFF CUNNINGHAM LLC.,

Plaintiff,

-against-                                           Index No.: 801802/2020

                                                   AFFIDAVIT IN SUPPORT
                                                   MOTION TO VACATE
                                                   JUDGMENT AND DISMISS CASE
STACEY PYNN,
Defendant

STATE OF NEW YORK    )
                     ) SS:
COUNTY OF NIAGARA    )

I, Stacey Pynn, state the following under penalty of perjury to the best of my knowledge and belief;

1.  I am the *pro se* Defendant in the above captioned matter and therefore am familiar with the facts and circumstances of this case.

2.  *Pro se* Defendant reminds this court of the application of *Haines v Kerner* 404 U.S. 519 (1972) that *pro se* litigants are not held to the same strict standards as attorneys in litigation.

3.  On September 27, 2017 I entered a Retainer Agreement with Elizabeth DiPirro and her law firm Rupp Baase Pfalzgraff and Cunningham LLC for representation in my matrimonial and custody litigation. Mr. Singer agreed to represent me for my litigation against Niagara County that was remanded without prejudice to Supreme Court (**Exhibit A**).

4.  At the time I signed the Retainer Agreement and to this day, my children have been in imminent danger due to child abuse by my ex-spouse who more recently has been

1 of 9

indicated upon four findings of child abuse / maltreatment by Erie County Child
Protective Services.

5.  As a result of my concerns for child abuse, I was, at the time of retaining Rupp Baase and
Pfalzgraff Cunningham, and still remain under significant duress with emergent concerns
for my children's life and health as there are ongoing child abuse investigations even at
this present time.

6.  At all times Mr. Singer as counsel and during the retention of Ms. DiPirro of Rupp Baase
Pfalzgraff Cunningham LLC as counsel, they were aware of my Chapter 13 Bankruptcy
case 1711069 filed on May 23, 2017 Trustee Julie Philippi, yet still knowingly and
willingly as attorneys accepted the risks involved with contracting with me, a client in
Chapter 13 Bankruptcy.

7.  At all times during their representation of me, Rupp Baase Pfalzgraff Cunningham LLC
advertised themselves as a very large firm representing clients in, but not limited to,
matrimonial cases and "Banking & Creditors' Rights Law" having creditors' rights
attorneys who represent "local, regional, and national banks, and credit unions both large
and small... Our attorneys can offer counsel on commercial lending, debt collections,
foreclosures, bankruptcies, and regulatory compliance... Don't let your money go
uncollected"

8.  The Automatic Stay on my Chapter 13 Bankruptcy bars attempts to collect post-petition
debt as it interferes with my ability to pay my Chapter 13 Creditors under 11 U.S.C. §
362(a)(3) "any act to obtain possession of property of the estate." In chapter 13, property
of the estate includes all property that the debtor acquires post-petition and all earnings
form services performed by the debtor post-petition, thus a creditor can violate the

~~automatic stay by attempting to~~ collect a post-petition debt from property of the estate,

(*See Cano v GMAC Mortgage (In re Cano)*, 410 B.R. 506, 524 (Bankr.S.D. Tex. 2009).

9.  It is undeniable evidenced by this above captioned case commenced in Erie County

Supreme Court that Rupp Baase Cunningham LLC (a law firm with bankruptcy

attorneys) are attempting to collect post-petition debt from property of the estate of my

bankruptcy and are therefore knowingly and willfully in violation of the automatic stay.

As such, I have repeatedly reminded Marco Cercone, counsel for Rupp Baase in their

attempts to collect, from onset of this case and as recent as October 20, 2022 by email

that I am still in Chapter 13 Bankruptcy and yet Mr. Cercone continues to pursue debt

collection "aggressively" regardless including serving their motion on January 31, 2023 to enforce their

judgment and threatened to find me in contempt of court having not provided him with

details of my bank accounts, retirement accounts etc. from his subpoena **(Exhibit B)**.

10. 11 U.S.C. §329 of the Bankruptcy Code, entitled "Debtor's transactions with attorneys",

provides: (a) Any attorney representing a debtor in a case under this title, or in connection

with such a case, whether or not such attorney applies for compensation under this title,

shall file with the court a statement of the compensation paid or agreed to be paid, if such

payment or agreement was made after one year before the date of the filing of the

petition, for services rendered or to be rendered in contemplation of or in connection with

the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court

may cancel any such agreement, or order the return of any such payment, to the extent

excessive, to

      (1) the estate, if the property transferred

~~(A) would have been property of the estate; or~~

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

11. When an attorney ineptly or incompetently renders services on behalf of debtors, the court may order disgorgement of all fees pursuant to §329. *See e.g., Hale v. U.S. Trustee*, 509 F.3d 1139, 1147 (9th Cir. 2007)(court may examine and reduce fees where attorney failed to inform debtors about the bankruptcy process and failed to obtain their informed consent to limited representation); *In re Valladares*, 415 B.R. 617, 622 (Bankr.S.D.Fla 2009) ("Courts may order disgorgement, deny compensation, or impose other sanctions for failure to timely or properly disclose fees."); *In re Henderson*, 360 B.R. 477, 488 (Bankr.D.S.C. 2006)(attorney's failure to provide adequate representation of debtors warranted disgorgement of his fees and other sanctions). "The reasonable value of services rendered by a debtor's attorney "is a question of fact to be determined by the particular circumstances of each case. The requested compensation may be reduced of the court finds the work done was excessive or poor quality." "*In re Spickelmier*, 469 B.R. 903, 914 (Bankr.D.Nev.2012) (citing, inter alia, 3 Collier on Bankruptcy ¶329.04[1] (Alan N. Resnick and Henry J. Somner, eds., 16th ed. 2011*). See also Hale v. U.S. Trustee (In re Basham)*, 208 B.R. 926, 933 (9th Cir. BAP 1997), *aff'd, Hale v. U.S. Trustee (In re Byrne)*, 152 F.3d 924 (9th Cir. 1998) (Table) (affirming bankruptcy court's order requiring disgorgement of fees that were unreasonable given the lack of contemporaneous time records and the failure to provide competent and complete representation).

Case 1:23-cv-00224-LJV   Document 1   Filed 03/14/23   Page 41 of 83

12. The Bankruptcy Court has the duty to examine the reasonableness of the fees requested by retained professionals independently, notwithstanding the absence of objection of the trustee, debtor or creditor. *See in re Auto Parts Club, Inc.*, 211 B.R. 422 at 448 (citing *In re Lenworth Westbrookds*, 202 B.R. 520, 522 (Bankr. N.D. 1996)).

13. Defendant contends that Both Elizabeth DiPirro and Robert Singer, as debtors's counsel, failed to perform their duties to properly represent me the Debtor in several respects and failed to maintain the integrity and transparency of the bankruptcy process as evidenced by *pro se* Defendant's Response to Summary Judgment filed into this case on January 8, 2021 and Affidavit in Support of Disgorgement of Attorney Fees filed on May 17, 2021 **(Exhibit C)**

14. Both attorneys Elizibeth DiPirro and Robert Singer failed to timely file an application for compensation in accordance with Fed. R. Bankr.P. 2016 and MLBR 2016-1. Their conduct knowingly and willfully undermined the goals of transparency and full disclosure required to maintain the public confidence in, and the integrity of, the bankruptcy system. Ms. DiPirro and Mr. Singer had an affirmative duty to conduct a reasonable inquiry into the facts set forth in the Debtor's Schedules and Statement of Financial Affairs. *See Layfayette v Collins (In re Withrow)*, 405 B.R. 505, 513, (1st Cir. BAP 2009). See also 11 U.S.C. §527(c).

15. Moreover, Ms. DiPirro and Mr. Singer as attorneys willfully and knowingly failed their attorney obligation to communicate with me my obligations as a Chapter 13 Debtor regarding their fees and any requirement to obtain prior permission from the court. Had they properly advised me as they are obligated, this would have avoided this predicament and the Trustee would have likely intercepted issues including but not limited to their

duplicative services without a written contract explaining their division of fees (*See attorney ethics rule 1.5 (e)* division of fees between two lawyers must be confirmed in writing), Ms. DiPirro's delays of litigation causing accumulation of additional fees, the fact that Mr. Singer billed for $10,000.00 in services absent a signed contract in violation of U.S.C. Title 41 for fees over $500, (*See In re Lee,* 495 B.R. 107 (Bankr. D. Mass 2013)

16. Both attorneys Ms. DiPirro and Mr. Singer failed to competently perform their affirmative duties as counsel that they were obligated to familiarize themselves with the rules of the bankruptcy court, to periodically apprise the bankruptcy court of the status of the state court proceedings, to inform me of the results of such required conversations with the Chapter 13 Trustee, and to advise me. *See Lafayette v. Collins (In re Withrow),* 405 B.R. 505, 513 (1st Cir. BAP 2009*), See also* 11 U.S.C. § 527(c).

17. These errors are not minor or harmless and were willful and knowing violation of bankruptcy laws as they are attorneys themselves and have bankruptcy counsel within their own law firm. It is inexcusable therefore the present predicament that Rupp Baase Pfalzgraff Cunningham and Robert Singer have rendered me unable to properly pay my creditors and have substantial mortgage arrears and a deficiency to my current Chapter Plan of over $3000.

18. The attorneys' representation of the Debtor was characterized by carelessness and a knowing and willful disregard of the Bankruptcy Code and Rules. Their mishandling of my matrimonial, custody case and litigation against Niagara County may have deprived the creditors of increased revenue had Mr. Singer not refused to commence my lawsuit against Niagara County to Supreme Court on the eve of a deadline and Ms. DiPirro had

indicated upon four findings by child abuse investigative authorities. Rupp Baase also caused me distress by their meritless litigation against me in violation of bankruptcy codes and threatened to charge me with harassment and contempt of court (**Exhibit B**)

19. Attorneys can forfeit all fees upon a finding of attorney negligence / malpractice. An attorney who engages in misconduct by violating the Rules of Professional Conduct (RPCs) is not entitled to legal fees for any services rendered." *Shelton v. Shelton*, 151 A.D.2d 659 (2d Dept. 1989). Thus, lawyers have forfeited their fees when they had a conflict of interest [*see, e.g., Quinn v. Walsh*, 18 A.D.3d 638, 648 (4th Dept. 2000); *Matter of Winston*, 214 A.D.2d 677, 677 (2d Dept. 1995)], violated the "attorney-witness" rule of RPC 3.7 (formerly DR 5-102) [*Brill v. Friends World College*, 133 A.D.2d 729, 730 (2d Dept. 1987], violated the "no contact" rule of RPC 4.2 (formerly DR 7-104 (A)(1)) [*Estate of Satin*, 265 A.D.2d 330, 330 (2d Dept. 1999)], and repeatedly made misrepresentations to the court. In re Food Mgmt. Group LLC, Adversary No. 06-08470A, 2008 WL 2788738 at *13-14 (Bankr. S.D.N.Y. 2008).. Forfeiture can result from misconduct that occurs before an attorney's discharge but is not discovered until after the discharge. Coccia v. Liotti, 70 A.D.3d 747, 757 (2d Dept. 2010, citing Orendick, supra].

20. CPLR §440.10 Motion to vacate judgment Permits at any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that:

    a.   The court did not have jurisdiction of the action or person of the defendant;

    b.  The judgment was procured by duress, misrepresentation or fraud on the part of

        the court or a prosecutor or a person acting for or in behalf of a court or a

        prosecutor

21. CPLR § 3211 Motion to Dismiss A party may move for judgment dismissing one or more

causes of action asserted against him on the ground that the court has not jurisdiction of

the subject matter of the cause or action.

**WHEREFORE,** The Judgment entered November 18, 2021 must be vacated due to this state

court's lack of subject matter to opine on a debtor's counsel fees as it effects the creditors in

Debtor's Chapter 13 plan and the ability to pay creditors. The Bankruptcy Trustee has a duty

to examine the circumstances of this case. Should the state court obligate Debtor to pay any

fees to the Plaintiff absent prior examination and approval by the Chapter 13 Trustee, this

court too would then be in violation of applicable bankruptcy laws and rules.

In the alternate, this court may order disgorgement of all counsel fees paid by the Defendant

to Rupp Baase Pfalzgraff and Cunningham LLC totaling $54,895.93 on the grounds of

attorney negligence / malpractice evidence herein related to their carelessness and a knowing

and willful disregard of the Bankruptcy Code and Rules, and for compensation for Debtor's

distress caused by Rupp Baase and violation of the automatic stay in the amount of

$10,000.00, and dismissal of any claims for post-petition fees and / or costs. To cover the

petition arrears, this court shall order $6000 shall be paid directly to the Chapter 13 Trustee

by the Plaintiff and the remainder of returned counsel fees and sanctions paid by the Plaintiff

directly to Defendant's mortgage (Fay Servicing which is in arrears) the amount of

$56,895.93 in compliance with applicable bankruptcy law and procedural rules and to

conserve the Chapter 13 Trustee's resources and time to investigate matters and avoid further

litigation time and expense to the Plaintiff.

Sworn to before me this ___7th___ day of February 2023

_____                    Notary:

Stacey Pynn *pro se* Defendant
7217 Woodmore Court
Lockport, New York 14094
safetypynn@gmail.com
(716) 430-1456

GRETCHEN M. POWERS
Notary Public, State of New York
Qualified in Niagara County
Reg. No. 01PO6414925
My Commission Expires 3/8/2025

# EXHIBIT E

Case 1:23-cv-00224-LJV Document 1 Filed 03/14/23 Page 47 of 83

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

RUPP BAASE PFALZGRAF CUNNINGHAM LLC,

                                    Plaintiff,

v.
                                                                Index No.: 801802/2020

STACEY PYNN,

                                    Defendant.

---

### ATTORNEY AFFIRMATION

**CHRISTOPHER SASIADEK, ESQ.**, affirms the following under the penalties

of perjury pursuant to CPLR § 2106:

1.      I am an attorney duly licensed to practice law in the State of New York,

and I am an associate with the law firm of Rupp Pfalzgraf LLC, attorneys for plaintiff, Rupp

Baase Pfalzgraf Cunningham LLC (hereinafter referred to as "Rupp Baase"), in connection with

the above-captioned matter.  I have worked on this matter extensively; therefore, I fully am

familiar with the facts set forth herein.

2.      I submit this affirmation in support of Rupp Baase's opposition to

defendant, Stacey Pynn, Motion to Vacate and Motion to Dismiss.  For the reasons that follow,

defendant's motions should be denied.

## **FACTUAL BACKGROUND**

3.      This matter arises from a breach-of-contract action brought by Rupp Baase as against defendant for unpaid legal fees contracted by defendant to plaintiff.

4.      Defendant petitioned for chapter 13 bankruptcy on May 23, 2017 and her plan was confirmed October 2, 2018.

5.      On or around September 27, 2017, defendant executed a certain engagement agreement with Rupp Baase ("Engagement Agreement") so that Rupp Baase would perform legal services on defendant's behalf.  A copy of the Engagement Agreement is attached hereto as **Exhibit A**.

6.      Pursuant to the Engagement Agreement, the defendant agreed to pay Rupp Baase for legal services at an hourly rate set forth in the Engagement Agreement.

7.      In exchange, between September 27, 2017 and June 3, 2019, Rupp Baase provided legal services to the defendant in relation to defendant's family-law matter.

8.      Rupp Baase provided legal services to the defendant between September 27, 2017 and June 3, 2019, for which it was not paid by defendant.

- 2 -

9.      In accordance with the terms and conditions of the

Engagement Agreement, the total amount due and owing to Rupp Baase for legal services

provided to defendant was $20,045.93.


10.     Rupp Baase requested payment from the defendant by sending invoices

for same to the defendant on or about July 25, 2018, August 20, 2018, September 30, 2018,

November 29, 2018, December 27, 2018, January 31, 2019, February 27, 2019, March 31, 2019,

April 30, 2019, May 22, 2019, June 26, 2019, and July 26, 2019.


11.     Nevertheless, the defendant failed and/or refused to make full payment to

Rupp Baase for the total amount due and owing.  Consequently, on December 19, 2019, by

certified mail, return receipt requested, Rupp Baase made a final demand to the defendant for

payment in the amount of $20,045.93 for legal services rendered between June 6, 2018 and

June 3, 2019.  That letter also enclosed a notice of the defendant's rights to request fee

arbitration, a copy of the request form, a copy of the arbitration rules, and a copy of

22 NYCRR 137.  That December 19, 219 letter was delivered to the defendant at her residence

located at 7217 Woodmore Court, Lockport, New York 14094 by regular and certified mail.  The

letter was sent by my electronic mail to defendant, as well.


12.     Despite that demand, the defendant failed and/or refused to make full

payment to Rupp Baase.  The defendant also failed to contact Rupp Baase in any manner, and

she failed to demand fee arbitration through the Erie County Bar Association.  Therefore,

Case 1:23-cv-00224-LJV  Document 1  Filed 03/14/23  Page 50 of 83

Rupp Baase was forced to bring an action to recover the amount due and owing to it from the defendant.

13.     The action resulted in defendant being ordered to pay $20,045.93, plus accrued interest from the date of judgment, to Rupp Baase for legal services rendered.

14.     To date, defendant has failed to pay the amount due and owing to Rupp Baase pursuant to the order.

## PROCEDURAL HISTORY

15.     This action was commenced by Rupp Baase's filing of a summons and complaint with the Erie County Clerk's Office on February 6, 2020.  *See* NYSCEF Doc. No. 1.

16.     On or around March 11, 2020, defendant, acting *pro se*, moved to extend her time to answer Rupp Baase's complaint.  *See* NYSCEF Doc. No. 3.

17.     On or around August 12, 2020, defendant served an answer to Rupp Baase's complaint.  *See* NYSCEF Doc. No. 6.

18.     On or around September 30, 2020, Rupp Baase moved for summary judgment.  *See* NYSCEF Doc. No. 10.

19.     On or around December 15, 2020, defendant moved for the judge to recuse himself and for a change of venue.  *See* NYSCEF Doc. No. 38.

20.     On or around January 8, 2021, defendant served her opposition to Rupp Baase's motion for summary judgment.  In her opposition, defendant sought an order for disgorgement of attorneys' fee because of alleged misconduct by Rupp Baase. *See* NYSCEF Doc. No. 45.

21.     Oral arguments were heard by Justice Mark A. Montour on March 30, 2021.  *See* NYSCEF Doc. No. 56.

22.     The Court granted partial summary judgment on Rupp Baase's breach-of-contract claim, effectively rejecting defendant's argument for disgorgement, and directed a hearing to be conducted to determine if defendant had been over charged for services rendered.  *See* NYSCEF Doc. No. 60.

23.     A hearing was held May 19, 2021, with the sole issue for resolution being whether defendant was charged for the same service by two legal entities.  *See id*.

Case 1:23-cv-00224-LJV   Document 1   Filed 03/14/23   Page 52 of 83

24.     At the hearing, the court received testimony from both parties, as well as evidence in the form of the billing statements furnished to defendant from the legal entities. *See id.*

25.     The Court could not perceive any legal irregularities with the billing, and defendant was unable to meet the burden of demonstrating evidence of overcharging. *See id.*

26.     Accordingly, Justice Mark A. Montour issued a Memorandum and Decision on July 13, 2021, finding that Rupp Baase was entitled to $20,045.93 in unpaid legal fees plus accrued interest from the date of judgment.  *See id.*

27.     On or around November 5, 2021, an order of judgment was entered by Justice Mark A. Montour, directing defendant to pay Rupp Baase $20,045.93 in unpaid legal fees plus accrued interest from the date of judgment.  *See* NYSCEF Doc. No. 66.

28.     On February 7, 2023, over a year after judgment was entered, defendant served on Rupp Baase a motion to vacate and motion to dismiss the matter.

# ARGUMENT

## POINT I

### DEFENDANT'S MOTION SHOULD BE DENIED AS THE
### RELIEF REQUESTED IS IMPROPER

29.     As an initial matter, defendant's motion to vacate is improper as it is being
brought under Criminal Procedure Law (CPL) 440.10.  While CPL 440.10 controls motions to
vacate in criminal cases, it is improper here as this is a civil matter.  Moreover, even if defendant
brought the motion to vacate under the applicable civil procedure law (i.e., CPLR 5015), the
motion should be denied as defendant's argument regarding lack of subject matter jurisdiction
lacks merit.

30.     Pursuant to CPLR 5015, "the court which rendered a judgment may
relieve a party from it…upon the grounds of…lack of jurisdiction to render the judgment or
order."  CPLR 5015(a)(4).  Bankruptcy court has original and exclusive jurisdiction over those
cases which arise under title 11, which includes chapter 13 bankruptcy cases.  28 U.S.C. 1334(a).
However, this is a breach-of-contract case, not a chapter 13 bankruptcy case.  Although
defendant has previously filed for chapter 13 bankruptcy, exclusive subject matter jurisdiction is
not automatically conferred to bankruptcy court by way of this fact.  *See Gupta v. Quincy
Medical Center*, 858 F.3d 657 (1st Cir. 2017) (holding that "arising under" jurisdiction is not
created where the cause of action stems from state contract law).  As this is a breach-of-contract
claim arising out of a contract entered into in the State of New York by two residents of
New York, the Erie County Supreme Court had jurisdiction to render judgment as against
defendant.  *See Matthews v. Waters*, 2021 M.Y. Misc. LEXIS 1191. (2d Dept. 2021).

31.     Further, in the Engagement Agreement signed by defendant, defendant agreed that "in the event that Rupp Baase is forced to institute legal action for payment of fees, you hereby authorize said legal action to be filed with the city/county/supreme courts located in Erie or Niagara Counties." *See* NYSCEF Doc. No. 43 at ¶ 15.

32.     Additionally, defendant's motion to dismiss is untimely, and should therefore be denied. Under New York law, a motion to dismiss must be filed by a defendant before filing an answer to the complaint. *See* CPLR 3211(a). A defendant's motion to dismiss that is filed after their answer is served should be treated as a motion for summary judgment. *See Riuch v. Lefkovits*, 56 N.Y.2d 276 (1982). Pursuant to CPLR 3212, a motion for summary judgment must be filed within 120 days after the note of issue is filed. *See* CPLR 3212(a).

33.     Taken together, under New York law, defendant's proverbial ship sailed when she failed to move for dismissal of this matter prior to filing her answer on June 6, 2020, and when she later failed to timely move for summary judgment.

34.     As defendant's motion to vacate and motion to dismiss are untimely, improper, and lacking merit, they should be denied.

**POINT II**

**DEFENDANT HAS FAILED TO ALLEGE MISCONDUCT
BY RUPP BAASE TO JUSTIFY VACATUR OF JUDGMENT
OR DISMISSAL**

35.     Under 11 U.S.C. 362, there is an automatic clause which bars "the

enforcement…of a judgment obtained before the commencement of the case under this title."

*See* 11 U.S.C. 362(a)(2) (emphasis added).  As indicated by the statute, the automatic stay does

not allow for enforcement of judgments obtained "pre-petition;" however, the stay does not bar

enforcement of judgments that arise "post-petition."  *See In re Turning Point Lounge, Ltd.*,

111 B.R. 44 (Bankr. W.D.N.Y. 1990).  Furthermore, the discharge of debts following a chapter

13 petition does not cover those debts arising post-petition.  *See In Re Cole*, 202 B.R. 356

(Bankr. N.D.N.Y. 1996); 11 U.S.C. 727(b).  Additionally, a debtor is entitled to retain property,

but may not incur new debt, post-petition without consulting their trustee.  *See* 11 U.S.C. §§

1305(c), 1322(a)(1), 1327.

36.     Here, defendant filed for chapter 13 bankruptcy on May 23, 2017.

Defendant then retained Rupp Baase on September 27, 2017.  All services rendered to defendant

by Rupp Baase occurred post-petition.  After defendant failed to pay for the services rendered, an

action was brought for breach of contract, which resulted in a judgment in favor of Rupp Baase.

This judgment represents a post-petition debt, which is not dischargeable by defendant.

Moreover, enforcement of this post-petition judgment falls outside the actions covered by the

automatic stay.

37.     Additionally, while defendant contends that it was the responsibility of Rupp Baase to apprise the bankruptcy court of the services being provided, it was clearly within defendant's duty as a chapter 13 debtor to inform the court and her trustee of new debts being incurred.

38.     Further, defendant has shown a fundamental misunderstanding of bankruptcy law.  The statutes and cases cited by defendant apply to attorneys involved in the debtor's actual bankruptcy case.  Here, Rupp Baase was not defendant's bankruptcy attorney, and as such was not bound to the obligations imposed on the attorney who facilitated defendant's bankruptcy case.  *See, e.g.,* 11 U.S.C. §§ 329 & 527; *In re Withrow*, 405 B.R. 505 (2009).  Moreover, much of the caselaw cited by defendant is from other jurisdictions, and should not bind this court.  *See, e.g., In Re Cano*, 410 B.R. 506 (Bankr. S.D. Tex. 2009).

39.     Finally, under 11 U.S.C. 1322, a chapter 13 plan "may not provide for payments for over a period that is longer than 5 years." *See* 11 U.S.C. § 1322(c)-(d).  Following the close of a bankruptcy case, the automatic stay ends. *See* 11 U.S.C. 362(c).  As defendant's plan was confirmed in October 2018, her case is likely to close in October 2023 and the stay will end.  As such, this is clearly a last-ditch effort by defendant to duck and dive payment of the lawful judgment entered against her.

40.     Given these facts, defendant's claims of misconduct by Rupp Baase are without merit and her motions should be denied accordingly.

- 10 -

10 of 12

## POINT III

## DEFENDANT'S CLAIM FOR DISGORGEMENT IS BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL

41.     Under New York law, where a party has had a full and fair opportunity to litigate an issue, but has received an adverse final judgment, that party is estopped from litigating the same issue in another proceeding. *See Montoya v. JL Astoria Sound, Inc.*, 92 A.D.3d 736 (2012). Collateral estoppel applies when (1) an identical issue was necessarily decided in prior action and is decisive in the present action and (2) the precluded party had a full and fair opportunity to contest the prior determination. *See D'Arata v. New York Central Mut. Fire. Ins. Co.*, 76 N.Y.2d 659 (1990). An issue may be raised or actually litigated for the purpose of collateral estoppel when it is submitted for determination by pleading or motion for summary judgment. See Restatement Second of Judgments § 27.

42.     In this motion, defendant once again raises serious, bordering on defamatory, allegations against Rupp Baase in an effort to have this Court order disgorgement of fees in an amount exceeding $54,000. Defendant previous raised this issue in her opposition to Rupp Baase's motion for summary judgment and in an additional affidavit later filed. *See* NYSCEF Doc. No. 53 & 57. Defendant then had an opportunity to be heard on this issue at oral arguments held on March 30, 2021. *See* NYSCEF Doc. No. 56. The court ultimately granted Rupp Baase's summary judgment motion as against defendant, effectively denying her claim for discouragement.

43.    As this same issue has previously been raised, defendant had an opportunity to be heard, and a final adverse final judgment was rendered against defendant, defendant should be collaterally estopped from once again bringing this frivolous issue before the court.

**WHEREFORE**, plaintiff respectfully requests that this Court deny defendant's motion to vacate and motion to dismiss, together with such other and further relief as this Court deems just and proper.

Dated: February 22, 2023

Christopher Sasiadek, Esq.

EXHIBIT F



**Deborah A. Chimes**
**Supreme Court Justice**

Supreme Court Chambers
25 Delaware Avenue, 5ᵗʰ Floor, Part 19
Buffalo, New York 14202

Jill Tuholski, Principal Law Clerk
(716) 845-7202

Michele Richeal, Secretary
(716) 845-7201
mricheal@nycourts.gov

March 3, 2023

**VIA NYSCEF E-MAIL ONLY**

Christopher Sasiadek, Esq.
Rupp Pfalzgraf, LLC
sasiadek@rupppfalzgraf.com

Stacey Pynn
safetypynn@gmail.com

RE:    Rupp Baase et al v Pynn
Index: 801802/2020

Dear Counsel and Ms. Pynn:

The Court asks for your position regarding the applicability of 11 USCA §362(b)(2)(A) to the Motion to Vacate and Dismiss.

Your submissions should be filed no later than 5:00 p.m. on March 20, 2023.

Sincerely,

Hon. Deborah A. Chimes, J.S.C.

DAC/mar

# EXHIBIT G

Stacey Pynn
7217 Woodmore Court
Lockport, New York 14094
(716) 430-1456
safetypynn@gmail.com

March 5, 2023

Honorable Deborah A. Chimes, JSC                    Re:  Rupp Baase et al v Pynn
Supreme Court Chambers                              Index: 801802/2020
25 Delaware Avenue, 5th floor Part 19
Buffalo, New York 14202

      With regard to the Judge's post-argument letter dated March 3, 2023, I respectfully object to any further inquiry of this court on the subject of the automatic stay.  Please note, this letter is not my submission as requested by the court should the court overrule my objection.

      Upon review of my Motion to Vacate and Dismiss filed with this court on or around February 7, 2023, it addresses the issues of Plaintiff's violation of my Chapter 13 Automatic Stay, (*See* lines 8 and 9).  In court on February 27, 2023 Defendant again argued the Plaintiff's knowing, willful and deliberate violation of the automatic stay as attorneys in a large firm with actual bankruptcy attorneys in their firm who they consulted with during this proceeding.  Defendant provided a copy of her Chapter 13 Confirmation Order dated September 20, 2018, line # 12 (page 4) which says the property below is vested in the Trustee (not the Debtor).  As Defendant, I argued that since property is vested in the Trustee and not the Debtor, I am exempted from 11 USC 1327 and my post-petition earnings are protected by the automatic stay, thus Rupp Baase's attempt to collect, subpoena my accounts and threaten me are all violations, (See In re:  Wei-Fung Chang v Wei-Fung Chang Bankr. PA [2010] pages 12-13), "By electing to retain all property in the estate that otherwise would vest in the debtor at confirmation, a debtor is able to obtain "the maximum postconfirmation protection possible by expanding the definition of "property of the estate" to the fullest possible extent and in the process, [include] all postconfirmation income of the debtor, whether actually needed to fund the plan or not.", (See Exhibit A)

      These issues are in addition to Rupp Baase's knowing, willful and deliberate fraudulent concealment from the Chapter 13 Trustee their intention to represent me, and failure to disclose compensation paid in violation of 11 USC §329 ("any attorney" not just bankruptcy attorneys as Rupp Baase tried to deceive this court), (*See in re: Gorski*, 519 B.R. 67) as this case was similar involving the matrimonial attorneys failure to file Fed. R. Bankr. P. 2016.  If the Legislature intended for 11 USC §329 to be for strictly bankruptcy attorneys, the law would have said so, (*See People v Finnegan*, 85 NY2d 53,58 [1995]; *People v Francis*, 30 NY3d 737, 740 [2018]; *Matter of Walsh v New York State Comptroller*, 34 NY3d 520, 524 [2019]; *Colon v Martin*, 35

NY3d 75, 78 [2020].) "Language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used", (in this case "any attorney").

This is also in addition to the Statute of Frauds and attorney ethical violations as Rupp Baase's contract states they will hire and retain any experts and yet failed to have a written contract for fees with attorney Robert Singer in excess of $500. It is unlikely the Chapter 13 Trustee would have approved dual representation absent a written, valid and enforceable contract that clearly defined roles and division of fees.

Plaintiffs had their chance to rebut / counter my affidavit and both in their response to my Motion and in court on February 27, 2023, they did not refute my contentions about the automatic stay. <u>By law, this court must accept Rupp Baas's failure to rebut / counter my affidavit as conceding to my sworn statements of their violation of the automatic stay as fact.</u>

*Morris vs. NCR*, 44 SW2d 433 Morris v National Cash Register, 44 SW 2d433: "An Affidavit if not contested in a timely manner is considered undisputed facts as a matter of law".

"Allegations in affidavit in support of motion must be considered as true in absence of counter-affidavit." [*Group  Finletter*, 108 F. Supp. 327 Federal case of *Group v Finletter*, 108 F. Supp. 327]

Non Rebutted Affidavits are "Prima Facie Evidence in the case, -- "*United States vs. Kis*, 658 F 2d, 526, 536-337 (7th Cir. 1981).

"Indeed, no more than (Affidavits) is necessary to make the Prima Facie Case." – Cert Denied, 50 US LW. 2169; S.Ct. March 22, 1982.

"Silence can only be equated with fraud where there is a legal or moral duty to speak (In NY State, it is the law a Judge MUST state on the record his/her reason for disqualification), or where an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking behavior.. This sort of deception will not be tolerated and if this is routine, it should be corrected immediately." -- *US v Tweed*, 550 F. 2d 297, 299. (5th Cir 1977). See also *US v Prudden*, 424 F 2d 1021, 1032, 1033 (5th Cir. 1977); *Carmine v. Bowen*, 64 A. 932 (1906).

Therefore, for the foregoing reasons and the law contained herein, I object to this court's further inquiry on the subject of the automatic stay. My sworn statements in and out of court that were not rebutted or countered by the Plaintiffs means their silence must be equated with fraud, and Defendants sworn unrebutted statements must be accepted by this court as fact.

I remain that the actions of Rubb Baase were deliberate to circumvent the Trustee's oversight of their fraudulent billing practices, (delays in litigation to procure more billing, and absence of an enforceable contract), and an intentional violation of Federal Bankruptcy law since

they knew or had to have known, having consulted with their own bankruptcy attorneys, they were in violation of not only the automatic stay, but also in violation of 11 USC §329 and Fed. R. Bankr. P. 2016.  These practices of Rupp Baase require the disgorgement of all attorney fees not only pursuant to the likely dismissal of their fees by the Bankruptcy Trustee, but also due to their host of ethical violations, (See Murray v Beard, 102 N.Y. 505, 508 (1886); see Restatement (Second) of Agency §469(1958)(an agent who breaches his duty "is not entitled to compensation even for properly performed services for which no compensation is approved").

Stacey Pynn *pro se* Defendant


TO:  Rupp Baase via NYSCEF and email

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

IN RE:
STACEY E. PYNN                                    B-17-11069 K
                    Debtor(s)

---

SIR OR MADAM:  Take notice that an ORDER, of which the within is a copy, submitted

in the within entitled action for the signature of the Bankruptcy Judge on **SEP 2 0 2018**

and to be entered in the Clerk's Office of the United States Bankruptcy Court, Western

District of New York immediately upon such signing.

Please read the Order carefully and be certain that you fully understand its terms.  Pay

special attention to the provisions specifying the amount to be paid by the debtor to the

Trustee (please note that the payments called for by the plan should already have begun

and must continue until further notification from this office); the percentage to be repaid

to the unsecured category of creditors; and the claims that are listed as secured up to the

amount set forth next to them.

If any portion of this Order is not in accord with your understanding of the case, you

should seek to vacate the Order at once, bearing in mind that under the Federal Rules an

order is final ten days after its date of entry.  (If you call the Trustee's office at once, it is

even possible you might be able to intercept the Order before it is signed and entered in

the Court).

It is suggested that any debtor who questions any aspect of this Order first contact his

attorney to discuss the potential problem with counsel prior to making formal objection.

However, if counsel cannot be reached or if for any reason the debtor desires to

take immediate action, this suggestion should in no way be construed as denigrating

debtor's right to object personally to any portion of the Order.

Attorneys especially should note, <u>inter alia</u>, that if a judgment creditor is listed as "unsecured" because the judgment lien would impair the exemption in real property to which the debtor is otherwise entitled or because the judgment is for any other reason voidable, it is incumbent upon debtor's attorney to make formal written motion before the Court to avoid such lien under 11 USC 522(f)(1) or other applicable Code section. Failure to do so will mean that the lien will survive the ultimate discharge in the case.

Please note further that in about three to four months you will be receiving a "Motion to Allow Claims" and "Order Approving Claims" (hereinafter the "Motion") which will set forth in greater detail the claims that have been filed and the proposed method of paying such claims. It is imperative that you review the Motion carefully and be satisfied that the claims are being paid in accordance with your understanding of the Chapter 13 Plan. If you feel that a claim is not properly listed, it is the responsibility of the debtor and/or attorney to make formal objection to the pertinent portion of the Motion, or in the alternative, to file a claim on behalf of a creditor who has not done so. (An explanatory memo fully delineating the responsibilities of debtor and counsel with regard to the Motion is available upon request from the Chapter 13 Trustee's Office.)

> ALBERT J. MOGAVERO
> CHAPTER 13 TRUSTEE
> U.S. BANKRUPTCY COURT
> WESTERN DISTRICT OF NEW YORK
> BUFFALO, NY 14202

TO:  Debtor(s)
     Attorney

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------

IN RE

*Stacey* E. PYNN

ORDER CONFIRMING
CHAPTER 13 PLAN
B-17-11069 K

Debtor(s)
------------------------------------------------------------

A Petition, Plan, Statement, Schedule of Exempt Property and other required forms and schedules were filed by the Debtor(s) under Chapter 13 of the Bankruptcy Code, and a meeting of creditors has been conducted upon due notice pursuant to Title 11, United States Code, Section 341, at which the Chapter 13 Trustee, the Debtor(s) and the attorney for the Debtor(s) were present and creditors or representatives of creditors were afforded an opportunity to be heard.

A hearing on confirmation of the Plan has been held upon due notice pursuant to Title 11, United States Code, Section 1324 on Sept. 00 2018 . The Court has heard and determined all objections to the confirmation and to the Debtor's(s') Schedule of Exempt Property and has considered the plan as proposed or modified, the Trustee's Report and the testimony of the Debtor(s).

The Court, therefore, finds:

(1)  The Plan complies with the provisions of Chapter 13, Title 11, United States Code, and other applicable provisions of Title 11;

(2)  All fees, charges or amounts required under Chapter 123 of Title 28, or by the Plan, to be paid before confirmation have been paid;

(3)  The Plan has been proposed in good faith [the Court having considered the standards set forth  In Re Johnson (1983, CA 2 NY) 708 Fed 2d 865] and not by any means forbidden by law;

(4)  The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor(s) were liquidated under Chapter 7 of Title 11 on such date;

(5)  With respect to each allowed secured claim provided for by the Plan:

(A)  The holder of each such claim has accepted the Plan; or

(B)(i) The Plan provides that --

(I) The holder of such claim retain the lien securing such claim until the earlier of –

(aa) the payment of the underlying debt determined under nonbankruptcy law; or

(bb) discharge under section 1328; and

(II) If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

(ii)  The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

(iii)  If the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

(C)  The Debtor(s) has agreed to surrender the property securing such claim to the holder thereof;

(6)  The Debtor(s) will be able to make all payments under the Plan to comply with the Plan;

(7)  The debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation;

(8)  The debtor has filed all applicable Federal, State, and local tax returns as required by section 1308; and

(9)  There are presently pending no objections to confirmation of the Plan or the Debtor's(s') Schedule of Exempt Property.

-2-

It is, accordingly, ORDERED that:

(1) The Debtor's(s') Plan under Chapter 13 of the Bankruptcy Code, as proposed or modified, annexed hereto and made a part hereof, is confirmed.

(2) Except for emergency medical or hospital care, the Debtor(s) shall not incur any new debts over $250.00 outside the ordinary course of the Debtor's(s') financial affairs or business without the prior approval of the Trustee unless such prior approval is impracticable and therefore cannot be obtained; approval of the Court is not required.

(3) Except as provided by specific Order of the Court, all entities are and continue to be subject to the provisions of Section 362 Title 11 of the United States Code, insofar as they are stayed or enjoined from commencing or continuing any proceeding or matter, or taking any actions against the Debtor(s) or the Debtor's(s') estate, as the same is defined by Section 362, and subject to the provisions of Section 1301, Title 11, United States Code, insofar as they are stayed or enjoined from commencing or continuing any proceeding or matter against a co-debtor, as the same is defined by Section 1301.

The provisions of the Plan bind the Debtor(s) and each creditor, whether or not the claim of such creditor is provided for by the Plan, and whether or not such creditor has objected to, has accepted, or has rejected the Plan.

(4) Albert J. Mogavero is appointed Trustee of the said estate.

(5) The Debtor(s) shall forthwith and until further order of the Court pay to the Trustee the sum of $ _4250_ per month

(6) A fee of $ _4500_ is allowed the attorney for the Debtor(s) herein for all services rendered in connection with this Plan, except as otherwise ordered and allowed by the Court.

(7) From the Debtor's(s') funds, the Trustee is directed to make payments in the following order.
(a) Filing fee to the Clerk, U.S. Bankruptcy Court (if unpaid);
(b) Retain at all times sufficient funds to pay all other accrued administrative expenses;
(c) The unpaid balance of the above-described fee to the Debtor's(s') attorney;
(d) Secured claims as hereinafter set forth:

| CREDITOR | SECURED VALUE | MONTHLY PMTS. | INTEREST RATE |
|---|---|---|---|
| Citizen One Nationstar | mortgage arrears (full) | to be set | 3.9 % |
| Clayton: Benjamin | judgment lien (full) | to be set | 3.9 % |
| IRS | 417,786 65 | to be set | 3.3 % |
| Cornerstone FCU | Fully secured | to be set | 3.9 % |
| Community Bank | Fully secured | to be set | 3.9 % |

*The valuations on this ~~~ may be subject to change in ~~~ instances where the secured creditor has not stipulated to the listed value. In the event that a secured creditor files or has filed a timely proof of claim asserting a valuation greater than the listed amount, that higher value will control until such time as the court sustains an objection filed by the debtor or other party in interest.*

Any timely and properly filed claims subsequent to the Meeting of creditors shall be allowed as unsecured only, except as may otherwise be agreed to by the Debtor(s) and the Court. No interest shall be paid on the unsecured portion of any secured claims; and no interest shall be paid on any other claim of the Debtor(s):

the non priority claim of matthew flynn in an amount of approximately $10000 _____ shall be paid in _____ No interest shall be made on _____ decision

-3-

(e)  Priority payments in full as allowed by the Court;

(f)  The balance of funds not being retained for administrative expenses or used for payment of secured claims shall be accumulated and distributed to unsecured creditors;

(g)  Unsecured creditors shall be paid _____*100*_____ % of their claims as claims are finally determined by the Court; and no claim shall be allowed unless the creditor shall file a proof of claim within 90 days of the first date set for the Meeting of creditors; payment to unsecured creditors as allowed by the Court will be made in monthly installments of not less than $15.00.

(h)  Except to the extent specifically set forth hereinafter in this sub-paragraph, the plan makes no provision whatever for any payment to be made by the Chapter 13 Trustee on any claim that is docketed by the Clerk of the Bankruptcy Court subsequent to the deadline to file a proof of claim (the "bar date") and thereafter, on motion of the Chapter 13 Trustee, ordered by the Bankruptcy Court to be allowed only as a late-filed claim:

CLAIM NUMBER   CREDITOR   AMOUNT CLAIMED   PROPOSED PAYMENT

(i)  Any Temporary reduction in, or suspension of, installment payments under this Plan, for a period not to exceed ten (10) weeks, may be granted upon application of the Debtor(s) without notice to creditors, as the Trustee deems proper.

(8)  The Trustee shall not be liable for any disbursement made pursuant to this Order, or pursuant to any other Order of this Court, if this case is hereafter determined to have been dismissed pursuant to 11 USC Section 521(1).

(9)  Pursuant to notice of a hearing to determine the validity of certain liens and security interests of the kind specified in Section 522(f)(1), (2)(A), (B), or (C), in property therein described, which property the Debtor(s) may exempt, and a hearing having been conducted herein, and it having been determined that the Debtor(s) has exempted the property specified and no objection to the Debtor's(s') exemption having been made or sustained, and that the liens of the following creditor(s) impair the exemption to which the Debtor(s) would be entitled under Section 522(b); therefore, the said property shall vest in the Debtor(s) free and clear of the liens and security interests of the following named creditor(s) and the claims of any such creditor(s) shall be allowed as an unsecured claim (unless such creditor is secured by other property) upon the timely filing of proof of such claim:

CREDITOR                                      SECURITY CLAIMED

NONE

(10)  The Debtor(s) has rejected as burdensome the following executory contract(s):

NONE

Any claim timely and properly filed by a creditor arising from rejection of such executory contract(s) shall be allowed as if such claim has arisen before the date of the filing of the petition, subject to the right of the Debtor(s) or the Trustee to object to the amount of the claim. 11 U.S.C. Section 520(g).

(11)  It shall be the continuing duty of the debtor(s) and his/her attorney to inform the Trustee of any change in income occurring at any time during the pendency of the plan, and also of any judicial award or settlement received in any lawsuit or proceeding and of any bequest or other windfall coming into the possession of the debtor(s) during such period of time. Upon receipt of such information, the trustee shall review the terms of the confirmed plan to be certain that such terms are still in conformity with the various provisions of Title 11 of the United States Code. Where appropriate, the Trustee shall move for "modification" of the debtor(s) Chapter 13 plan.



-4-

    (12)  Under 11 U.S.C. Section 1327 the property described below shall remain the property of the estate, title to which is vested in the Trustee until dismissal or closing the case or until further Order of the Court:

Dated:

       OCT – 2 2018

BY THE COURT



U.S.B.J.



## TRUSTEE'S REPORT OF 341 MEETING

BK No. 17-11069 K

I.     Debtor(s) __Stacey E. Pynn_____

       DBA (if any) ___ _____

       AKA (if any)_____

       Attorney _____Ronald S. Goldman, Esq._____

II.    Debtor Certifications:

       Debtor(s) has stated under oath:

       (1)  All post-petition Domestic Support Obligations are paid _____*NA*____

       (2)  All applicable Federal, State and Local Tax returns have been filed
            as required by Section 1308_____*yes*___

III.   Exemptions _____*X*_____ NYS _____Federal

IV.    Plan:
                                    *4250*            *month*
            A.    Summary
            Payments $____*514*___ per ___*week*____

            Repayment to secured _____100_____%

            Repayment to unsecured _____*100*_____%

            Total Debt $__*226, 275*_____

            Duration of plan _____*5*_____years

            Classification of unsecured creditors:
            Class 1 (co-signed loans at 100%)_____

            _____

            _____

            Class 2 (student loans at _____%) _____

            _____

- 2 -

Class 3 _Matthew Pynn_ _$10,000_
_No payment through this plan; pending_
_further Order of the Court_ _____

Rejection of Executory Contracts _____   _____

_____

Other _____

B.    Disposable Income

(1)  Above- Median Income

Current Monthly Income (CMI)                    _16005_

Expenses per Sec. 707(b)(2)(A) & (B)   (-)    _1747/_

Disposable Income                                 _0_

Applicable Commitment Period          x       _60_

Minimum Amount that must be paid
To Unsecured Creditors                           _0_

(2)  Below-Median Income

Current Monthly Income (CMI)                  _____

Schedule J Expenses and reasonable debt,
Priority debt and arrearage debt          (-)    _____

Disposable Income                                _____

Applicable Commitment Period          x       _36_

Minimum Amount that must be paid
To Unsecured Creditors                           _____

- 3 -

C.    Feasibilty

| | |
|---|---|
| Actual Monthly Income | 8080 |
| Reasonable Expenses per Schedule J | 5854 → 4427 |
| Actual Monthly Excess | 2226 → 3653 |
| Monthly Payment Proposed | 2227 → 4250 |

D.    Secured Claims

| Name Creditor | Security Claimed | Perf. of Security | 341 valuation | Monthly Payment Under Plan |
|---|---|---|---|---|
| (9) Citizens One (18,894) | | → 20,993 | matgage arreas | |
| (17) Nationstar (23,344) | | → 23,056 | | |
| (10) Clayton & Bergson (25000) | | judgment - | | |
| (14) IRS (23000) - tax lien | | → 45,411⁴⁵ → 17,786⁶⁵ | | |
| (12) Cornerstone FCU | '08 GMC | fully secured. | | |
| (11) Community Bank | '13 Chevy | fully secured. | | |

- 4 -

V.   Best Interest of Creditors Test

A.   All assets listed? _____ Yes   _____ No

B.   Assets

*(Jt)*
48 Le Van
lockpat

Cottage
Lyndonville,
NY
112968

| **REAL PROPERTY** | **RESIDENCE** *(Jt)* | **PARCEL 2** | |
|---|---|---|---|
| Market Value | 310,000 | $ 99000 | |
| Less 1st Mortgage | - 201485 | -$ 79538 | |
| Less 2nd Mortgage | -$ | -$ | |
| Combined Residence Exemption (D&C 282- CPLR 5206 50,000/person | $ 82,775 | $ | |
| Wild Card | $ | $ | |
| Less non-avoidable judgment liens *(tax lien)* | -$ | -$ 23000 → 17,786⁶⁵ → | |
| Real property taxes | -$ | -$ | |
| Cost of Sale | -$ | -$ | |
| Non-exempt equity | $ 0 | $ 0 | 112968 |

Total available for unsecured creditors   Debtor 1   $ 112,968

Debtor 2   $ _____

- 5 -

**AUTOMOBILES**

| Description | (1) 2008 GMC | (2) 2013 Chevy |
|---|---|---|
| Market Value: Retail | $ 16,628 | $ 10,307 |
|   Damage | | |
|   Mileage | | |
|   Options | | |
|   Less 5% | | |
|   Total | $ | $ |
| Liens secured by vehicle | $ 12407 | $ 17295 ⇒ 18,034 15 |
| Exemption | $ 4425 | $ |
| Non-exempt equity | $ 0 | $ 0 |

| Description | (3) | (4) |
|---|---|---|
| Market Value Retail: | $ | $ |
|   Damage | | |
|   Mileage | | |
|   Options | | |
|   Less 5% | | |
|   Total | $ | $ |
| Lien secured by vehicle | $ | $ |
| Exemption (D&C/2400/person) | $ | $ |
| Non-Exempt equity | $ | $ |

Total available for unsecured creditors   Debtor 1 $ 0   Debtor 2 $_____

- 6 -

**PERSONAL PROPERTY**

Items of personal property:

    (a)  HHG _____ *11872  (includes Jewelry)*

    (b)  Firearms _____

    (c)  Other _____
           _____
           _____
           _____

    Total Market Value $ _____ *11872*

    Aggregate Exemption -$ _____ *11100*
    (D&C 283 (1) CPLR 5205(a) $5000.00/person

    Less non avoidable
    security interests  -$ _____

Available for unsecured creditors   Debtor 1   $ *772*

                       Debtor 2    $ _____

**CASH AND ALL OTHER PROPERTY**

    Cash _____ *40*

    Bank accounts _____ *2300*

    Retirement accounts _____ *Exempt*

    Legal causes of action  *- Claim in the Bankruptcy*
    *- Claim to equitable distribution*
    *Preferential Payment to parent*

    Tax refunds _____ *7337* / *$7900*

    Accounts receivable  *Back Rent 4703*

    U.S. Bonds _____

    Stocks  *50% Lana's Lockport Properties, Inc.  · 50 off*

- 7 -

Insurance Policies_____
(Less exemption per Insurance Law 166)

Total Market Value $_____ *64,428*_____

       Less Exemption
       (D&C 283(2)     -$_____

       Less non-avoidable
       security interests    -$_____

Available for unsecured creditors  Debtor 1 $ ___*64428*___

                      Debtor 2 $ _____

## C.    SUMMARY OF CHAPTER 7 TEST

1.    Total of non-exempt equity in:

| | Debtor 1 | Debtor 2 |
|---|---|---|
| Real Property | $*112,968* | _____ |
| Automobiles | *0* | _____ |
| Personal Property | *772* | _____ |
| Cash & all other property | *64,428* | _____ |
| Totals: | $ *178,168* | _____ |

                                         *NW*    *Pyn*
                                &rarr; *7083 + 14,853*

2.  Less outstanding priority federal
    and/or state tax             Debtor 1 $ *20445*    Debtor 2 $_____

3.  Wild Cards               Debtor 1 $ *-*_____    Debtor 2 $_____

4.  Total available in a Chapter 7
    liquidation                      $ *157,723*

5.  Total to be distributed to unsecured non-priority creditors
    under plan                    $ *100 %*

-8-

VI. The Trustee is satisfied that the Plan was proposed in good faith with intent to comply
with the law: ___✓___YES   _____NO, for the following reasons:

_____

_____

VII.    <u>Objections to Confirmation:</u>

VIII.   <u>Other comments:</u>

IX.    The Trustee recommends confirmation of the Plan:

____✓____YES

_____NO, for the following reasons:

_____

_____

_____

DATED: ___*9·20·18*___          TRUSTEE  <u>ALBERT J. MOGAVERO</u>

CERTIFICATE OF SERVICE BY MAIL
OF _____ CLERK
COPIES OF THIS Order Confirming
WERE PERSONALLY MAILED BY ME
ON ___9/24/2018
TO:
UNDER PENALTY OF PERJURY, I DECLARE
THAT THE FOREGOING IS TRUE & CORRECT
Trustee
Debtor
Debtor's Atty

# EXHIBIT H



**Deborah A. Chimes**
**Supreme Court Justice**

Supreme Court Chambers
25 Delaware Avenue, 5ᵗʰ Floor, Part 19
Buffalo, New York 14202

Jill Tuholski, Principal Law Clerk
(716) 845-7202

Michele Richeal, Secretary
(716) 845-7201
mricheal@nycourts.gov

March 6, 2023

**VIA NYSCEF E-MAIL ONLY**

Stacey Pynn
safetypynn@gmail.com

RE:   Rupp Baase et al v Pynn
Index: 801802/2020

Dear Ms. Pynn:

The Court denies your objection to the Court's inquiry regarding the applicability of 11 USCA §362(b)(2)(A) to the Motion to Vacate & Dismiss and will await your response.   As a reminder your response is due no later then 5:00 pm on March 20, 2023.

Please be further advised the Court will not consider any further argument raised in your letter dated March 5, 2023.

Sincerely,

Hon. Deborah A. Chimes, J.S.C.

DAC/mar

Cc:   Christopher Sasiadek, Esq. (sasiadek@rupppfalzgraf.com)

# CIVIL COVER SHEET

23 224

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Stacey Pynn

## DEFENDANTS

Rupp Baase Pfalzgraf + Cunningham, LLC

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Violation of Federal + Constitutional Laws

Brief description of cause:
NYS Supreme Court Erie County violation of Federal + Constitutional Laws

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Injunctive Relief

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 3/14/23

SIGNATURE OF ATTORNEY OF RECORD Stacey Pynn

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE LSV MAG. JUDGE Jmm